IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DENNIS R. DERX                                                                                    PLAINTIFF
ADC #162003

v.                                      2:18-cv-00138-DPM-JJV

ALVIN D. YANCEY, Chaplain,
East Arkansas Regional Max Unit; *et al.*                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Dennis R. Derx ("Plaintiff") is a prisoner in the Arkansas Department of Correction. In this *pro se* action, he alleges Chaplains Alvin D. Yancey, Albert McKinney, and Arlen Parham violated the First Amendment, as protected by 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by restricting his ability to practice his Wiccan beliefs at the East Arkansas Regional Maximum Unit ("EARMU").[1] (Doc. No. 8.) Plaintiff brings these claims against Defendants in their official capacities. (*Id.*) He seeks injunctive and declaratory relief, but not monetary damages. (*Id.*)

Defendants have filed a Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), arguing this case should be dismissed due to a lack of subject matter jurisdiction. (Doc. Nos. 48, 49.) Plaintiff has not filed a Response, and the time to do so has expired. After careful consideration and for the following reasons, I find the Motion should be granted and recommend this case be dismissed with prejudice.

---

[1] All other claims raised in the Amended Complaint have been without prejudice. (Doc. No. 11.)

## II. DISCUSSION

Plaintiff alleges Defendants prevented him from practicing his Wiccan beliefs at the EARMU, which is where he was in prison when he filed this lawsuit in 2018. (Doc. Nos. 2, 8.) But, sometime in October 2019, Plaintiff was transferred to the Cummins Unit, which is where he is currently being held. (Doc. No. 47.)

All plaintiffs must have standing to bring a claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If "a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011); *see also Schumacher v. SC Data Ctr., Inc.,* 912 F.3d 1104, 1105 (8th Cir. 2019). To establish standing, a plaintiff must show he suffered an injury fairly traceable to the defendant's conduct and that "*the injury will be redressed by a favorable judgment*." *Lujan,* 504 U.S. at 560-61 (emphasis added); *see also Telescope Media Grp. v. Lucero*, 936 F.3d 740, 749 (8th Cir. 2019) (to have standing, plaintiffs must establish "a favorable decision is likely to redress their injury").

A judgment in favor of Plaintiff would *not* benefit him because he is no longer in the EARMU, where he claims Defendants infringed his religious practices. Thus, Plaintiff no longer has standing to bring his First Amendment and RLUIPA claims against them. *See Schumacher*, 912 F.3d at 1105 ("an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed").

Stated differently, Plaintiff's request for injunctive and declaratory relief is now moot because he is no longer confined in the facility where the religious restrictions were allegedly imposed. *See Hamner v. Burls*, 937 F.3d 1171, 1175 (8th Cir. 2019); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). In fact, the Eighth Circuit recently affirmed the dismissal of an ADC

3

prisoner's First Amendment and RLUIPA challenges to restrictions on the practice of his Wiccan beliefs for this very reason. *Hansler v. Kelley*, 19-1267, 2019 WL 5704396 (8th Cir. Nov. 5, 2019) (unpublished opinion). Accordingly, I conclude Defendants are entitled to dismissal. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("a federal court does not have authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it").

### III.  CONCLUSION

IT IS, THERFORE, RECOMMENDED that:

1. Defendants' Motion for Judgment on the Pleadings (Doc. No. 48) be GRANTED, and Plaintiff's First Amendment and RLUIPA claims against Defendants Yancey, Parham, and McKinney be DISMISSED with prejudice.

2. The Court certify, pursuant to U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting this recommendation would not be taken in good faith.

Dated this 19th day of November 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE